BROWN & WHITAKER *v.* E. EPPERSON, &C:

**Venue, Change of—Waiver of Objection.**

>    Appellant was in court at the time the order was made changing the
>    venue and did not object, and after the venue was changed, filed an
>    amended petition and had orders made in the case which must be regard-
>    ed as a waiver of any irregularity in the order changing the venue.

APPEAL FROM HENRY CIRCUIT COURT.

February 5, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

The statute of limitations is pleaded as a bar to appellant's
demands, and from the evidence it appears that the appellee,
Mrs. Epperson, resided in Shelby county until November, 1864,
'after her marriage with F. Epperson, and then removed from
the state. All the items of the account against Mrs. Epperson
as presented by Dupey, the witness, are dated prior to November,
*1859,* except an item for expenses to Louisville, and hunting
negroes levied on by Ellis $25, which is dated *1860* and Mills
the witness, who proves that the services were rendered, fixes
the time in 1856 or 1857, so that was barred according to the
proof before this suit was instituted. Another item in the
account is dated March, 1860, but the services are not satisfactorily
proved.

Appellant was in court at the time the order was made, chang-
ing the venue to the Henry circuit court, and did not except
to the action of the court, and after the venue was changed
appeared, filed an amended petition, and had orders made in
the case which must be regarded as a waiver of any irregularity
that may have occurred in the order for the change of the venue
in the case.

It seems to the court that waiving the consideration of other
questions discussed, the statute of limitations, which is relied
on by appellees, is a bar to the recovery.

And the judgment must be *affirmed.*

*Scott, for appellants.*

*Harwood, for appellees.*